IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEOPOLDO GARNICA-ANITA,**

         **Petitioner,**

         v.                       CASE NO.  12-3033-RDR

**LINDA SANDERS,**
**Warden,**

         **Respondent.**

### O R D E R

     This action was initiated as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California by an inmate of the Federal Correctional Institution, Lompoc, California.  The California District Court reviewed the petition and determined that "the pending action falls under Section 2255 and not Section 2241." That court further found that Mr. Garnica-Anita was convicted in the District of Kansas in case No. 2:06-CR-20160-003-JWL, that "petitioner is challenging the legality of his conviction," and that his "claims are presumptively cognizable only in a Section 2255 motion and must be filed in the court of conviction."  Based on these findings, the California District Court ordered that this action be transferred to this District.  Upon receipt of this transferred case, the clerk filed it as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, apparently based upon the caption of the pro se petition.  However, this court found that this action should be filed as a motion pursuant to 28 U.S.C. §

2255, as it was interpreted to be by the transferor court. Had it been interpreted as an action under 28 U.S.C. § 2241, the District of Kansas is not the proper venue and transfer would not have been appropriate. Our clerk was directed to file this petition as a § 2255 motion in petitioner's criminal case and reassign it to the judge in that case. That was done, and the matter was disposed of as a § 2255 motion by the judge in the criminal case on February 28, 2012.[1]

After Judge Otero in the California District Court ordered this action transferred to this district and after it was actually transferred, received, and opened as a case in this district on November 28, 2011, Mr. Garnica-Anita filed a Motion to Vacate Judgment in the transferor court, which Judge Otero found appeared "to seek reconsideration of the Court's conclusion that the Petition must be considered pursuant to Section 2255." Judge Otero found no grounds for relief under Fed.R.Civ.P. 60(b), and denied the motion on December 14, 2011. Then, for reasons that are not apparent, the entire action was transferred a second time to this district by the Central District of California. This matter was not filed here by petitioner and appears to have been erroneously transferred here by the Central District of California. The court might transfer the matter back to the transferor court, as it can find no order on the transferred docket for this second transfer. Alternatively, the court can dismiss this action as duplicative and

---

[1] The docket sheet in petitioner's criminal case indicates that this matter was docketed therein as Doc. 214, and that it was treated as premature and dismissed because the criminal case is currently on appeal (Doc. 222).

already entirely disposed of in the prior orders of this court in <u>Garnica-Anita v. Sanders</u>, Case No. 11-cv-3205-RDR (Dec. 9, 2011) and <u>U.S.A. v. Anita, et al.</u>, Case No. 06-cr-20160-JWL-3 (Feb. 28, 2012), Case No. 11-cv-02671.  The court finds that the latter disposition best serves the interests of judicial economy.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, as duplicative, transferred in error, and already fully disposed of in prior orders of the court.

**IT IS SO ORDERED.**

**DATED:  This 10th day of April, 2012, at Topeka, Kansas.**

> **s/RICHARD D. ROGERS**
> **United States District Judge**